# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41296

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE DE JESUS GALLO-REYES,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-17-2

Before JONES, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Jose de Jesus Gallo-Reyes pled guilty to conspiracy to possess with intent to distribute 100 kilograms or more of marijuana. Included in the calculation of his offense level was a two-level enhancement for possession of a gun. Gallo-Reyes argues that this two-level enhancement should not have been included because there was insufficient evidence to support a finding that either he, or

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41296

a co-conspirator, possessed the gun.  There was sufficient evidence for such a finding, and we therefore AFFIRM.

BACKGROUND

Most of the relevant facts in this case are recounted in the companion case of *United States v. Rodriguez-Guerrero*, No. 14-41289 (5th Cir. Oct. 30, 2015).  In brief, Gallo-Reyes and Adrian Rodriguez-Guerrero were two of several co-conspirators involved in narcotics trafficking.  The conspiracy operated out of two locations in or just outside of McAllen, Texas: a ranch and a residence.  Police arrested both men, searched the residence, and discovered, among other things, a loaded shotgun and 125 shotgun shells in the master bedroom of the residence.  Police also recovered from Gallo-Reyes a key to the front gate of the ranch and a remote control to the garage door opener for the residence.

Like Rodriguez-Guerrero, Gallo-Reyes was given a two-level sentence enhancement for possession of a gun in a drug transaction.  This enhancement resulted in a total offense level of 25 and a sentencing guidelines range of 51 to 71 months.  Because Gallo-Reyes had only one criminal history point, he qualified for the "safety valve provision," which allowed Gallo-Reyes to be sentenced below the statutory minimum of 60 months.  *See* 18 U.S.C. § 3553(f).  Gallo-Reyes was sentenced to 57 months in prison.

Gallo-Reyes objected to the two-level enhancement, arguing that the gun had not been connected to him.  He asserted that although he was seen at the residence where the gun was located, he was not seen in the residence.  He also pointed out that there was no evidence indicating that he lived in the residence.  The district court rejected the argument, noting that "he actually had a key to the location" and he "possessed a garage door opener to that particular residence."  Gallo-Reyes timely appealed.

No. 14-41296

## DISCUSSION

Gallo-Reyes contends that the district court erred by applying the two-level enhancement for possession of a gun under United States Sentencing Guidelines Manual Section 2D1.1(b)(1) because there was no evidence to support a finding that either he or a co-conspirator possessed the shotgun. For the reasons discussed in the companion case *United States v. Rodriguez-Guerrero*, No. 14-41289 (5th Cir. Oct. 30, 2015), we reject this argument. There was no evidence offered to reveal which co-conspirator possessed the weapon. As we held, though, what is important for application of the enhancement is that the weapon be possessed in order to further the drug conspiracy, regardless of whether it is known which co-conspirator possessed it. *Id.*, slip op. at 6.

AFFIRMED.